UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER ZUDELL | ) | CASE NO. 1:03 CV 1591 |
| | ) | |
| Petitioner, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| Vs. | ) | |
| | ) | |
| MARGARET BRADSHAW, WARDEN | ) | OPINION AND ORDER |
| | ) | |
| Respondent. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court upon the Petitioner's timely objections to Magistrate Judge Nancy Vecchiarelli's denial of his Petition for Habeas Corpus. For the following reasons, the Court accepts the Report and Recommendation.

### I. FACTUAL BACKGROUND

#### Substantive Facts

Petitioner Christopher Zudell ("Zudell") raped his seven year old daughter from January 27, 1995 to December 27, 1997. Zudell claimed that he committed the acts while suffering withdrawal from the drug Klonopin. Furthermore, Zudell asserted that he suffered from a

1

character disorder resulting in impulsiveness, low frustration tolerance and poor social judgment. Currently, Zudell is wheel chair bound and suffering from Cerebral Palsy and Dystonia, a neurological disorder involving loss of muscle control.

## Procedural History

The State of Ohio charged Zudell with five counts of rape, four counts of gross sexual imposition and one count of felonious sexual penetration, all including force specifications. Initially, Zudell pled not guilty and not guilty by reason of insanity. As part of a plea deal, Zudell entered a plea of guilty. In return the state dropped the force specifications. For two of the rape charges and the felonious sexual penetration charge the trial court sentenced Zudell to seven to twenty-five years each, running consecutively. The court also sentenced Zudell to serve, concurrently, five years each for the three remaining rape charges; one and one half years each for two gross sexual imposition charges and; three years each for two gross sexual imposition charges. Zudell filed a timely notice of appeal on October 27, 1999.

Both the Ohio Ninth District Court of Appeals and the Ohio Supreme Court affirmed Zudell's conviction, resulting in a final judgment on March 6, 2001. Zudell then filed a Motion to Vacate and/or Withdraw Guilty Plea ("Motion"). The trial court dismissed the Motion on the grounds that it lacked jurisdiction and the appellate court affirmed. Thereafter, on January 15, 2003, the Ohio Supreme Court declined jurisdiction and dismissed Zudell's appeal on the motion to withdraw his guilty plea. On July 28, 2003, Zudell filed a Petition for Writ of Habeas Corpus ("Petition") naming warden Margaret Bradshaw ("Bradshaw") as the defendant.

Zudell asserts two claims in the Petition. First, he claims the trial court violated the Fourteenth Amendment Due Process Clause by denying him a hearing on the Motion. Second,

2

he claims his sentence violates the Eighth Amendment's ban on cruel and unusual punishment. The Magistrate found that the statute of limitations barred Zudell's Motion and found that there were no constitutional violations. In his timely objection to the Magistrate's Report and Recommendation, Zudell re-alleges both constitutional claims and also objects to the Magistrate's findings that the Motion was time barred and that he was not entitled to an evidentiary hearing.

## II. LAW AND ANALYSIS

### Standard of Review

Federal Rule of Civil Procedure 72, which governs this matter. provides in part:

> **(b) Dispositive Motions and Prisoner Petitions.**
> ...The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

As stated in the Advisory Committee Notes, "The term 'de novo' signifies the magistrate's findings are not protected by the clearly erroneous doctrine, but does not indicate that a second evidentiary hearing is required." citing *United States v. Raddatz*. 447 U.S. 667 (1980). The Court in *Raddatz* stated "(t)he use of the words 'de novo determination' *is not intended to require the judge to actually conduct a new hearing* on contested issues." 447 U.S. 667 at 676 (emphasis original).

### The Statute of Limitations Barred Zudell's Petition

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") applies to the

3

instant action because Zudell filed his habeas corpus petition after April 24, 1996, the effective date of the Act. Pub. L. No. 104-132. (*see also Lindh v Murphy*, 521 U.S. 320, 326-27, 337 (1997)). The AEDPA modified 28 U.S.C. § 2244 by adding a new subsection which provides in relevant part that:

> d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244 (d)(1)(A) and (2)

The Ohio Supreme Court dismissed Zudell's direct appeal on December 6, 2000. Zudell's conviction became final on March 6, 2001, the date on which the time expired for him to file a petition for certiorari to the United States Supreme Court. A petitioner must file a petition for certiorari from a judgment by a state court of last resort within 90 days after entry of the judgment. U.S. Sup Ct. Rule 13. Bradshaw alleges that the one-year statute of limitations began running on March 6, 2001, the date of the final determination of the case. Zudell claims that his Motion, filed on May 1, 2001, tolled the statute of limitations. The Ohio Supreme Court declined jurisdiction and dismissed the Motion on January 15, 2003. Zudell claims that these post-conviction procedures tolled the limitations period between May 1, 2001 and January 15, 2003.

### A. Zudell Did Not Properly File the Motion

In order for a post-conviction petition to toll the limitations period a petitioner must

4

properly file it. 28 U.S.C. § 2244(d)(2). An applicant properly files for post-conviction relief when the application's delivery and acceptance comply with the applicable law and rules governing filings. *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). In Ohio, a defendant may only make a motion to withdraw a guilty plea before the court imposes a sentence, except to correct manifest injustice. Ohio Crim. R. Rule 32.1. Ohio courts define "'manifest injustice' as a 'clear or openly unjust act'." *State v. Castillo*, 2005 Ohio 93, at ¶ 10 (Ohio App., 8th Dist.. 2005). *Castillo* further defined manifest injustice as an "extraordinary and fundamental flaw in the plea proceedings." *Id.* Furthermore, a petitioner makes a Rule 32.1 motion to the discretion of the trial court and an appellate court will not overturn a trial court's decision absent an abuse of that discretion. *State v. Stumpf*, 32 Ohio St. 3d 95, 104 (1987). Zudell has not claimed that the court abused its discretion in denying his motion to withdraw his guilty plea; he merely claims the trial court erred. Moreover, Zudell showed no evidence of a fundamental flaw in the plea proceedings that would warrant this Court finding that manifest injustice were present. Therefore, Zudell did not properly file the Motion.

**B.     Zudell Filed a Jurisdictionally Deficient Motion**

The general rule in Ohio is that a trial court loses jurisdiction of a case when the appellate court affirms the trial court's judgment and sentence. *State ex rel. Special Prosecutors v. Judges, Court of Common Pleas*, 55 Ohio St.2d 94, 97 (1978). In *Special Prosecutors*, the Ohio Supreme Court held that the trial court does not have jurisdiction to rule on a motion to withdraw a guilty plea after an appeal and affirmance by the appellate court. *Id.* at 97-98. Similarly to the petitioner in *Special Prosecutors*, Zudell's case went through the entire direct appeal process before he attempted to change his plea. The trial court did not have jurisdiction to consider the

5

Motion.

A motion to withdraw a guilty plea is not properly filed and will not toll the statute of limitations if the trial court does not have jurisdiction to consider the motion. *Godfrey v. Beightler*, 54 Fed. Appx. 431, 432-33 (6th Cir. 2002) (unpublished opinion). Therefore, because Zudell did not properly file the Motion the trial court did not have jurisdiction to rule on it. The subsequent review of the improperly filed Motion by state appellate courts does not cleanse the Motion of its impropriety.

### C. Zudell's Motion Does Not Toll the Statute of Limitations

Zudell cites 28 U.S.C. § 2244(d)(2) stating that his post-conviction application is pending and thus tolls the limitations period. He states that an application is pending as long as the ordinary collateral review process continues; that is, until completion of the process. *Carey v Saffold*, 536 U.S. 214 (2002). The process, however, never began because the trial court did not have jurisdiction over the Motion.

Zudell next asserts that the doctrine of equitable tolling should apply to the instant action. For equitable tolling to apply the petitioner must also diligently pursue 28 U.S.C. § 2254 relief. *Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999). Moreover, the doctrine of equitable tolling only applies when strict application to the 28 U.S.C. 2244(d)(1) statute of limitations would be inequitable. *Id.* at 402. Zudell claims the Court should apply the doctrine of equitable tolling because the State of Ohio forced him into a Hobson's choice between pursuing a direct appeal or filing a motion to withdraw his plea. This argument is deficient, however, because Zudell alleges that he filed the Motion due to the harsh sentence; he knew the sentence was harsh after the trial court handed it down. Zudell merely had to file a timely motion to withdraw the

6

plea and then, within the applicable time period, file a direct appeal requesting a limited remand from the Court of Appeals so that the trial court could rule on the Motion. Filing a motion to withdraw a guilty plea would not preclude a defendant from then filing a direct appeal. Instead, Zudell chose to file his direct appeal. Upon completion of the appeal process Zudell filed a jurisdictionally deficient Motion. The "forced choice" of which Zudell complains is non-existent. Therefore, Zudell did not show the due diligence required in pursuing § 2254 relief and equitable tolling does not apply.

### III. DECISION

The one-year statute of limitations for Zudell's Petition for a Writ of Habeas Corpus began running on March 6, 2001, the final judgment of his case. Zudell did not file the Petition until July 28, 2003, outside of the statutory period. There is no reason for Zudell to benefit from the doctrine of equitable tolling. This finding alone is sufficient to dismiss the petition, so the Court need not address the other elements of Zudell's objections.

The Court agrees with the Magistrate's Report and Recommendation and holds that the statute of limitations bars Zudell's Petition. Therefore, the Court dismisses Zudell's Petition for Writ of Habeas Corpus.

IT IS SO ORDERED.

6/24/05
Date

Christopher A. Boyko
CHRISTOPHER A. BOYKO
United States District Judge

7